IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 14-cv-02513-REB-MJW

BRANZAN ALTERNATIVE INVESTMENT FUND, LLLP, on behalf of itself and all others similarly situated,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
and ENERGY CORPORATION OF AMERICA,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Interlocutory Appeal Under 28 U.S.C. § 1292(b)** [#77],[1] filed October 8, 2015. I deny the motion.

By this motion, plaintiff now seeks an interlocutory appeal of that portion of my order granting Defendant The Bank of New York Mellon Trust Company, N.A.'s (The "Trustee") motion to dismiss Count 1 of plaintiff's complaint. (*See* **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** [#76], filed September 29, 2015.) Plaintiff seeks an order certifying this question of law to the Tenth Circuit for determination, as provided by 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the

---

[1] "[#77]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order. . . .

Given the terms of the statute, four criteria must be met before an issue may be certified for appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991). While I have discretion in determining whether to certify an order for interlocutory appeal under the statute, ***see Swint v. Chambers County Commission***, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995), certification should be reserved for rare and extraordinary cases, ***State of Utah by and through Utah State Department of Health v. Kenecott Corp.***, 14 F.3d 1489, 1495 (10th Cir.), ***cert. denied***, 115 S.Ct. 197 (1994).

This is not such a case. Indeed, with the exception of the unremarkable reality that this is a civil action, plaintiff can satisfy none of the other substantive criteria of section 1292(b). Plaintiff's obvious disagreement with my interpretation of apposite Delaware law does not transform my ruling into one appropriate for interlocutory appeal:

> The phrase "question of law" as used in 28 U.S.C. § 1292(b)
> does not refer to a particular application of facts to the law,
> but rather "has reference to a question of the meaning of a
> statutory or constitutional provision, regulation, or common
> law doctrine." [Internal citation omitted.] Such questions
> typically involve law that is unsettled. Consequently, for the

> purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.

*Cadorna v. City and County of Denver, Colorado*, 2007 WL 3216579 at *1 (D. Colo. Oct. 25, 2007) (citation omitted). The *Tooley* test is the recognized and well-established standard for resolving the legal question presented by Count 1. I do not consider application of that test to these circumstances "difficult, novel, [nor] a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 226 (D. Colo. 1991).

The failure to satisfy this element essentially decides the next, as the ability to show a substantial ground for difference of opinion depends on proof of a controlling issue of law. *See Pack v. Investools, Inc.*, 2011 WL 2161098 at *2 (D. Utah June 1, 2011). That the issue may be one of first impression in the Tenth Circuit is of absolutely no consequence, since as plaintiff takes pains to remind me elsewhere in its motion, resolution of the issue is controlled by Delaware law, which is well-settled on this question. The fact that other courts have reached various results by applying that law to the specific facts before them does not create a substantial ground for difference of opinion. *Id.*

Finally, granting an interlocutory appeal in this case would not materially advance the ultimate termination of the litigation. This is not an "extraordinary" instance "in which extended and expensive proceedings probably can be avoided" by certifying an interlocutory appeal. *State of Utah by and through Utah State Department of*

*Health*, 14 F.3d at 1495 (citing S.Rep. No. 2434, 85th Cong., 2nd Sess. 1 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5262 (appendix)). Indeed, plaintiff acknowledges that if this motion were granted, it would seek a stay of these proceedings pending resolution of the appeal. The remaining defendant, Energy Corporation of America ("ECA"), would then be left to dangle while plaintiff attempted to convince the appellate court to reverse this court's decision. The inequity of that outcome should be apparent, especially given that regardless of how the Tenth Circuit resolves the validity of the claim against the Trustee, the claims against ECA will still remain to be determined.

When granting an interlocutory appeal will delay, rather than expedite, the ultimate outcome of the trial, federal courts have routinely declined to exercise their discretion to permit interlocutory appeals. ***See Parish Oil Co. v. Dillon Companies, Inc.***, 2006 WL 2790429 at *2 (D. Colo. Sept. 27, 2006) (citing cases). Similarly, where the result of a successful interlocutory appeal would be to expand, rather than narrow, the scope of this litigation, certification is not warranted. ***See Carbajal v. Keefer***, 51 F.Supp.3d 1065, 1068 (D. Colo. 2014). Yet that is precisely what plaintiff seeks to accomplish by way of interlocutory appeal. Accordingly, I find and conclude that it would be an abuse of discretion to grant plaintiff's request to certify this case for interlocutory appeal, and thus deny the motion.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Interlocutory Appeal Under 28 U.S.C. § 1292(b)** [#77], filed October 8, 2015, is denied.

Dated November 9, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge